DIXON, Justice
(dissenting).
I respectfully dissent from two parts of the majority opinion.
First, it appears to be clear error to hold that the district court does not have jurisdiction over a sixteen-year-old child arrested and booked for first degree murder and aggravated rape.
Article 5, § 16 of the Constitution of 1974 provides:
“Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. It shall have exclusive original jurisdiction of felony cases and of cases . . . ”
The constitutional provision relied upon by the majority is Article 5, § 19:
“Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures . . . ”
(Emphasis added).
*213 The majority holds that district court jurisdiction for juveniles charged with a capital offense does not “vest” until a district attorney files a bill of information, or a grand jury returns an indictment. No authority is cited for the conclusion, except an unsupported belief in the intention of the redactors. To the contrary, the redactors of the present Louisiana Constitution and its predecessor never once indicated in any provision, nor did the legislature in any statute, that the juvenile court would have jurisdiction over capital crimes committed by persons over fifteen years of age. The Constitution does not provide that the district courts have jurisdiction over minors charged with capital offenses when they are indicted or when they are accused in a bill of information filed. The Constitution provides that the district court has jurisdiction over all criminal cases and exclusive jurisdiction over all felonies, except as otherwise provided. It is otherwise provided that the juvenile court shall not have jurisdiction over a person over fifteen “who is alleged to have committed a capital offense . ” When a child is arrested, booked and jailed for murder, he is “alleged to have committed a capital offense.” The juvenile court no longer has jurisdiction over him.
The other point on which I disagree with the majority is the benevolent manner in which it excuses the violation of a stay order by this court. The district attorney never said his violation was due to inattentiveness. He said, rather, he was “helping the defendant.” He used his action in filing a bill of information to support a motion to dismiss defendant’s pleadings in this court as “moot,” on the morning defendant’s applications were to be heard in this court. If serious about his “disposition” to withdraw the bill of information when his violation of the stay order was pointed out to him, the district attorney could have dismissed. Instead, it was necessary for us to .quash the bill of information five days later. I would not prejudge the matter without a hearing, but I cannot conclude from what is before this court, as does the majority, that the bill of information filed in violation of our order was not filed “with an intent to disregard the orders of this Court.”